UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANDRA RAWLINE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-2379 |
| | § | |
| CAPITAL TITLE OF TEXAS, LLC, | § | |
| | § | |
| *Defendant*. | § | |

## AMENDED ORDER[1]

Pending before the court is defendant Capital Title of Texas, LLC's ("Capital Title") motion for summary judgment. Dkt. 18. Also before the court is plaintiff Sandra Rawline's ("Rawline") response and amended cross-motion for summary judgment on Capital Title's counterclaims against Rawline. Dkt. 25. Upon consideration of the motion, responses, counterclaims, and applicable law, Capital Title's motion for summary judgment is GRANTED, and Rawline's motion is GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

This is an age discrimination case brought by Rawline alleging that she was terminated for refusing to dye her gray hair. Dkt. 1. Capital Title is in the title insurance and escrow services business. Dkt. 18. Rawline was an employee of Capital Title and served as branch manager from October 7, 2003, until August 18, 2009, when she was terminated. *Id.* at 22; Dkt. 1. Prior to Rawline's termination, her supervisor, Marylyn Aston ("Aston"), informed Rawline several times

---

[1] In the court's order issued June 6, 2012, Dkt. 33, the court cited plaintiff's original cross-motion for summary judgment rather than her amended motion for summary judgment. This amended order corrects that error, and no substantive changes were made to the court's June 6, 2012 order.

that her behavior had offended customers of Capital Title and was unacceptable. *See* Dkt. 18, Ex. D. Customers, namely Prosperity Bank and Willowbend Mortgage, complained about Rawline's rudeness, tardiness, temper, and use of "choice words" during their communications. *Id.* Aston admonished Rawline on Thursday, August 13, 2009, about her lack of professionalism. Dkt. 25, Ex. A. The allegedly discriminatory comments regarding Rawline's gray hair were made during this conversation and were offered as examples of ways to improve her overall appearance. *Id.* Specifically, Aston suggested she try "wearing clothes that are more appropriate for the workplace and maybe such as getting her hair trimmed and dyed." *Id.* The very next day, Friday, August 14, 2009, Rawline arrived late to work, kept customers waiting, smelled like alcohol, wore inappropriate clothing, and allegedly refused to do the account closing scheduled for that day. Dkt. 18, Ex. N. Rawline was terminated the following Tuesday, August 18, 2009, for refusing to do the Friday closing with no mention of her appearance. Dkt. 18, Ex. S.

After filing a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") and obtaining a right to sue letter, Rawline filed her original complaint against Capital Title on June 23, 2011, alleging age discrimination due to her refusal to dye her gray hair and because she was allegedly replaced by a younger woman. Dkt. 1. Specifically, Rawline seeks to recover actual damages, exemplary damages, interest on damages, reinstatement, court costs, and attorneys' fees. *Id.*

Capital Title filed its counterclaims on February 15, 2012, alleging defamation and business disparagement. Dkt. 17. Rawline's statements concerning Capital Title's age discrimination practices were published in the Houston Chronicle and Houston's Morning News in "June or early July 2011." *Id.* One day after filing its counterclaims, February 16, 2012, Capital Title filed its motion for summary judgment, claiming Rawline was terminated for good cause. Dkt. 18.

Subsequently, Rawline also moved the court to grant summary judgment in her favor against Capital Title's counterclaims on March 2, 2012, and filed her amended motion for summary judgment on March 14, 2012. Dkts. 21, 25.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to summary judgment, and no defense to the motion is required. *Id.* "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66

F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting former FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III. ANALYSIS

The parties have filed cross-motions for summary judgment. Since the motions allege distinct issues, the court addresses them separately.

**A. Age Discrimination**

Title VII of the Civil Rights Act of 1964 ("Title VII") makes it unlawful for an employer to discharge an employee because of her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The Age Discrimination in Employment Act of 1967 ("ADEA") promotes employment of older persons (over forty years of age) based on their ability rather than age and prohibits arbitrary age discrimination in employment. 29 U.S.C. § 621(b).

A plaintiff can prove intentional discrimination through either direct or circumstantial evidence. *Quantum Chem. Corp.v. Toennies*, 47 S.W.3d 473, 476-77 (Tex. 2001). Direct evidence is evidence which, if believed, proves the fact without inference or presumption. *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993)). When a plaintiff offers only circumstantial evidence, the *McDonnell Douglas* framework requires the plaintiff to establish a prima facie case of discrimination, which, if established, raises a presumption of discrimination. *See Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 179–80 (5th Cir. 1999) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S. Ct. 1817 (1973)). To establish a prima facie case of age discrimination, the plaintiff must show that she was (1) discharged; (2) qualified for the position; (3) within the protected class at the time of the discharge; and (4) either replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of age. *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005). Importantly, when a terminated employee's job duties are distributed among other employees after his or her termination, those employees do not "replace" the terminated employee for purposes of establishing a prima facie case of age discrimination. *Martin v. Bayland, Inc.*, 403 F. Supp. 2d 578, 583 (S.D. Tex. 2005), *aff'd* 181 F. App'x 422 (5th Cir. 2006).

If the plaintiff successfully establishes a prima facie case of discrimination, the employer must then produce a legitimate nondiscriminatory reason for its adverse employment decision. *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010); *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 379-81 (5th Cir. 2010) (finding that the evidence sufficiently showed the employer discharged employee for committing sexual harassment); *White v. Omega Protein Corp.*, 390 F. Supp. 2d 604, 607-08 (S.D. Tex. 2005) (finding that employer offered a legitimate, nondiscriminatory reason for terminating employee sufficient to rebut employee's claim of age discrimination by asserting employee made three significant mistakes demonstrating his ability to perform key aspects of his position). Once the employer produces a legitimate nondiscriminatory reason, the presumption of discrimination dissipates and the burden shifts back to the plaintiff-employee to raise a genuine issue of material fact that the nondiscriminatory reason is merely pretextual in order to survive summary judgment. *Moss*, 610 F.3d at 922. To carry this burden, the plaintiff must produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). A plaintiff may establish pretext by showing that age discrimination was a motivating factor in the employer's termination decision. *Quantum*, 47 S.W.3d at 479. The plaintiff bears the ultimate burden of persuading the trier of fact, by a preponderance of the evidence, that the employer intentionally discriminated against him because of his protected status. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219–20 (5th Cir. 2001).

Assuming, *arguendo,* that Rawline can meet the prima facie burden, the court finds that Capital Title had a legitimate, nondiscriminatory reason for terminating Rawline's employment and that Rawline cannot show that the reason is mere pretext. There is overwhelming evidence that Rawline was discharged for legitimate reasons. The record shows she behaved entirely

unprofessionally on numerous occasions and even admitted herself that such behavior was adequate grounds for dismissal. Dkt. 18, Ex. B. Rawline admits she was terminated because she refused to do her job. Dkt. 18, Ex. S. Rawline further admits that the issue about dying her hair was only her "opinion" of what Aston meant and acknowledges there was no discussion about her gray hair or her appearance when she was terminated. *Id.* Moreover, Rawline acknowledges it is a valid complaint, even sufficient to recommend termination, if an employee of Capital Title is rude to customers or unwilling to perform their assigned tasks.[2] Dkt. 18, Ex. A & B. Because Capital Title had a legitimate reason to terminate Rawline's employment, the presumption of Capital Title's discrimination raised by the prima facie case dissipates.

The burden of production then shifts back to Rawline to produce "substantial evidence" that Capital Title's proffered nondiscriminatory reasons for discharge are merely pretext for discrimination. The court finds absolutely no evidence that Rawline's age was a motivating factor for her discharge. Any reference to Rawline's hair color occurs only in the context of her overall disheveled appearance and offers no support for Rawline's allegation that Capital Title intentionally discriminated against her because of her age. Rawline had gray hair when she was hired, throughout her employment, and admits that dying her hair was never a condition of her continued employment. Dkt. 18, Ex. R. In fact, there was no mention of her hair, clothing, or appearance at all when she was terminated. Dkt. 18, Ex. S. Moreover, case law supports a finding that "a mere 'stray remark' is insufficient to establish age discrimination." *Waggoner v. City of Garland, Tex.*, 987 F.3d 1160, 1166 (5th Cir. 1993) (citing *Turner v. N. Am. Rubber Inc.*, 979 F.2d 55, 59 (5th Cir. 1992); *Guthrie v. Tifco Indus.*, 941 F.2d 374, 378-79 (5th Cir. 1991)); *see also Chappell v. GTE Prods. Corp.*, 803

---

[2] These same complaints were made by Willowbend Mortgage about Mary Rodriquez, an employee of Capital Title who was ironically recommended for termination by Rawline, and were later echoed with regards to Willowbend Mortgage's interaction with Rawline.

F.2d 261, 268 n.2 (6th Cir. 1986) (finding isolated comments are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination). Therefore, the court finds Capital Title did not discriminate against Rawline because of her age, and Capital Title's motion for summary judgment on Rawline's age discrimination claim is GRANTED.

**B. Defamation**

Under Texas law, "[d]efamation is a false statement about a person, published to a third party, without legal excuse, which damages the person's reputation." *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.— Waco 2005, no pet.) (citing *Doe v. Mobile Video Tapes, Inc.*, 43 S.W.3d 40,48 (Tex. App.— Corpus Christi 2001, no pet.)). Slander is defamation committed through oral communication. *Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). Texas law recognizes defamatory oral statements in the form of slander *per se* or slander *per quod*.[3] *Minyard Food Stores, Inc. v. Goodman*, 50 S.W.3d 131, 140 (Tex. App.— Fort Worth 2001), *rev'd on other grounds*, 80 S.W.3d 573 (Tex. 2002). The plaintiff must present proof of actual damages for a statement to constitute slander *per quod*. *Id.* No independent proof of damage to the plaintiff's reputation or proof of mental anguish is required for a statement to constitute slander *per se* because the slander itself gives rise to a presumption of these damages. *Mustang Athletic Corp. v. Monroe*, 137 S.W.3d 336, 339 (Tex. App.— Beaumont 2004, no pet.) (citing *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 379 (Tex. 1984) (op. on reh'g)). Statements which are slanderous *per se* must (1) impute the commission of a crime; (2) impute contraction of a loathsome disease; (3) cause injury to a person's office, business, profession, or calling; or (4) impute sexual misconduct.

---

[3] *Per se* is defined as "of, in, or by itself; standing alone." Black's Law Dictionary 1178 (Bryan A. Garner ed., 8th ed., West 2004). *Per quod* is Latin for "whereby," and is defined as "requiring reference to additional facts." Black's Law Dictionary 1177 (Bryan A. Garner ed., 8th ed., West 2004).

*Goodman*, 50 S.W.3d at 140. "In suits brought by private individuals, truth is an affirmative defense to slander." *Randall's*, 891 S.W.2d at 646.

In this case, any claim of slander *per quod* fails as a matter of law because Capital Title has alleged no special damages. Capital Title claims slander *per se* under the presumed damages of item (3) above. Rawline seeks summary judgment on the defamation claim against her because (1) her statements were opinions and were matters of public interest, and (2) the affirmative defense of truth defeats the claim. Dkt. 25. Since the title insurance and escrow services business is customer-service oriented, Capital Title has provided some evidence supporting its contention that Rawline's false comments have affected public opinion of its business. *See* Dkt. 17 ¶ 19. Furthermore, as determined in the age discrimination analysis above, Rawline's statement that she was discharged because of her age was false. Therefore, the affirmative defense that her statements were true fails. Accordingly, Rawline's motion for summary judgment of the defamation claim against her is DENIED.

**C. Business Disparagement**

The elements for a claim of business disparagement are (1) publication by the defendant of disparaging words, (2) falsity, (3) actual malice, (4) lack of privilege, and (5) special damages. *Hurlbut v. Gulf Atl. Life Ins. Co.*, 749 S.W.2d 762, 766 (Tex. 1987). To prove special damages, a plaintiff must provide evidence of direct, pecuniary loss attributable to the false communications of the defendant. *Johnson v. Hosp. Corp. of Am.*, 95 F.3d 383, 391 (5th Cir. 1996) (citing *Hurlbut*, 749 S.W.2d at 767). Proof of pecuniary loss requires more than a generalized statement of damages caused by defendant's action, but rather requires the plaintiff to "establish pecuniary loss that has been *realized* or *liquidated* as in the case of specific lost sales." *Hurlbut*, 749 S.W.2d at 767 (citing W. Keeton, *Prosser and Keeton on the Law of Torts*, § 128 at 971 (5th Ed. 1984) (emphasis added)).

In this case, while the law does not require proof of special damages with regard to Capital Title's defamation claim against Rawline, the law *does* require Capital Title prove special damages to establish its business disparagement claim. Aside from generalized comments concerning injury to reputation or community standing, there is no evidence or proof offered of any *realized* or *liquidated* damages which were the result of Rawline's alleged disparagement. Therefore, Rawline's motion for summary judgment on Capital Title's counterclaim of business disparagement is GRANTED.

## IV. CONCLUSION

After consideration of the motions, responses, counterclaims, and applicable law, Capital Title's motion for summary judgment (Dkt. 18) is GRANTED. All of Rawline's claims against Capital Title are hereby DISMISSED WITH PREJUDICE. Rawline's amended motion for summary judgment (Dkt. 25) is GRANTED as it relates to business disparagement and DENIED as it relates to defamation. Capital Title's counterclaim for business disparagement is hereby DISMISSED WITH PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on June 12, 2012.

_____
Gray H. Miller
United States District Judge